Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| REGAN SMITH, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SPANISH QUOTES, INC., an Arizona Corporation, d/b/a WE SPEAK INSURANCE, and JOHN DOE, an unknown business entities<br><br>  Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.  Plaintiffs REGAN SMITH ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant SPANISH QUOTES, INC. d/b/a WE SPEAK INSURANCE ("We Speak"), and Defendant JOHN DOE ("John Doe," or together, "Defendants") to stop their illegal practice of sending unauthorized text messages to the residential telephones of consumers who are registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to herself and own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

1

**NATURE OF THE ACTION**

2. As a part of their marketing efforts, Defendant We Speak hired John Doe to send thousands of text messages to cell phones who were registered on the Federal Do Not Call Registry.

3. Defendants had not received consent prior to sending these texts and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. Despite such strong legislation passed 30 years ago, the same problem persists.

6. To illustrate the scale of the problem facing America, it is estimated that there were over 47 billion robocalls placed in 2018, and 29 billion placed in just the first half of 2019.

7. The TCPA targets unauthorized texts exactly like the ones alleged in this case, based on Defendants' targeting consumers that have given official notice

8. By sending the texts at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

9. Plaintiff therefore seeks an injunction requiring Defendants to stop their unconsented texting, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10. Plaintiff REGAN SMITH is a natural person and is a citizen of the District of Nebraska.

11. Defendant SPANISH QUOTES, INC. is Arizona Domestic For-Profit Business Corporation Entity ID 11271316.

12. Defendant(s) JOHN DOES 1-5 ("John Doe") are unknown business entities.

**JURISDICTION AND VENUE**

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has personal specific jurisdiction over Defendants because Defendants texted Plaintiff Regan Smith, who resides in Omaha, Nebraska, and was at all times present in this district during these phone calls. Defendants' texts placed towards residents of Nebraska is the subject of this dispute from which this lawsuit arises.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, texts placed to residents of Nebraska, substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

16. To increase their sales, We Speak hired John Doe to market their company and produce inbound leads.

17. We Speak amassed a list of thousands of phone numbers from unknown sources.

18. On behalf of We Speak, John Doe texted cellular phones that were registered on the National Do Not Call List as prohibited by 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

19. Defendants did not possess consent from Plaintiff and the Class as required prior to deploying these prohibited messages.

**FACTS SPECIFIC TO PLAINTIFF REGAN SMITH**

20. On April 13, 2020, Plaintiff received two text messages from Defendants.

21. At 11:24 a.m., the first message said: "Hi Regan! It's Monique w. SaveToday- you've qualified for car insurance that costs as low as $1/day. Call us back. To opt out, Msg 'NO'"

22. Also on the same day, at 1:33 p.m., the next message said: "Hey Regan! Im[sic] Monique- You have qualified for car insurance that costs as low as $1/day! Call me back. Msg 'no' to end"

23. Then, on April 14, 2020, Plaintiff received another text message at 11:54 a.m. that said: "Regan, call me; You could be spending too much on your auto insurance. We can change this. Get covered for as low as $1/day. Give us a call. – Monique."

24. Plaintiff responded to the texts to determine the identity of the texter.

25. Also on April 14, 2020, she was solicited by Chad W. from All State.

26. Plaintiff received an email from Chad from All State containing a quote from All State entitled "Allstate Vehicle and Property Insurance Company House and Home Based Insurance Quote."

27. Plaintiff's attorney sent a letter to All State requesting the identity of the party who texted Plaintiff's phone and All State disclosed Defendant We Speak.

28. Plaintiff never consented to receive texts from Defendants. Plaintiff had no relationship with Defendants and had never requested that Defendants contact Plaintiff in any manner, let alone by text.

## CLASS ALLEGATIONS

89. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **DNC List Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least text message; (3) on his or her telephone number that was registered on the Do Not Call list; (4) for the purpose of selling Defendants' products and/or services

90. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

91. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants sent text messages to thousands of consumers who fall into the definition of the Class Members of the Class can be identified through Defendants' records.

92. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text messages.

93. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

94. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class

as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

95. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendants' conduct violated Section 227(c) of the TCPA;

ii. Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;

iii. Whether Defendants possessed express consent prior to contacting Plaintiff and the members of the Class;

iv. Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

96. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal

and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION
Telephone Consumer Protection Act
**Violation of 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the DNC Class)**

97. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

98. The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry.

99. Plaintiff registered her phone number on the DNC List on March 9, 2020.

100. Defendants and/or their agents sent text messages to Plaintiff's and the Class members' DNC-registered telephones without having their prior express consent to do so.

101. The foregoing acts and omissions of Defendants and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

102. Defendants' texts were made for a commercial purpose.

103. Plaintiffs are entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

104. Plaintiffs are entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

105. Plaintiffs also seek a permanent injunction prohibiting Defendants and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff REGAN SMITH, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff REGAN SMITH and as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violates section 227(b) and 227(c) of the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An order declaring that Defendants' actions, as set out above, constitute negligence;

E. An injunction requiring Defendants to cease all unlawful text messages to phone numbers registered on the Federal Do Not Call Registry without first obtaining the recipients' express consent to receive such texts, and otherwise protecting interests of the Class;

F. An award of statutory damages and penalties;

G. An award of costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 29, 2021

              Respectfully submitted,

              PLAINTIFF REGAN SMITH,
              individually and on behalf of all

others similarly situated,

By: /s/ Mark L. Javitch                  .

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

Attorney for Plaintiff
*and the Putative Class*